# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30785

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ERNESTO MORENO,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before SMITH, PRADO, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Ernesto Moreno was caught violating the conditions of pretrial release set by a federal magistrate judge ("MJ") in California. A federal MJ in Louisiana held a hearing and ordered that Moreno be detained. The district court *a quo* affirmed. Moreno challenges the detention order. Finding no error, we affirm.

No. 16-30785

I.

Moreno is a lifelong resident of California. In October 2015, he was indicted by a federal grand jury in the Eastern District of Louisiana (the "Eastern District") for conspiring to distribute and possess with intent to distribute methamphetamine. A warrant was issued in the Eastern District for his arrest. In March 2016, he was arrested in the Central District of California ("CDCA"). An MJ in CDCA denied the government's motion for detention and released Moreno on a $50,000 bond. The conditions of pretrial release required Moreno to avoid illegal drugs and submit to drug testing.

In April 2016, Moreno tested positive for marihuana, cocaine, and methamphetamine and admitted to using them at a party. CDCA pretrial services increased the frequency of Moreno's drug testing and placed him in outpatient drug counseling.

The same day that the drug test results came back, a police officer in San Fernando, California, responding to reports of a vehicle break-in, found Moreno sitting in the driver's seat of a luxury vehicle, apparently intoxicated, and bleeding from his hand. There was blood-stained cash on the passenger's seat and a clear plastic bag filled with what appeared to be methamphetamine. Moreno's brother, who also seemed intoxicated, was in the back seat.

The officer arrested Moreno. A search of the car uncovered a backpack full of cash and two bottles containing Promethazine with Codeine (a controlled substance). The officer discovered eighteen prescription Xanax pills in Moreno's pocket. The substance in the clear plastic bag tested positive for methamphetamine.

Moreno was charged with three California drug crimes and released on a state bond. The government moved in the CDCA to revoke Moreno's bail in the Eastern District case. The MJ in CDCA issued an arrest warrant for

No. 16-30785

Moreno.

On May 2, before the arrest warrant could be executed, Moreno appeared for a scheduled hearing in the Eastern District, where an MJ accepted his plea of not guilty and heard arguments about whether to detain him.  The government noted that since being released from federal custody, Moreno had used drugs and had been charged with drug offenses.  The government claimed that detention was necessary because Moreno's lack of ties to the Eastern District made him a flight risk, and his alleged drug-selling made him a danger to the community.  Moreno blamed the California drug arrest on his brother, explained that he had relinquished his passport, noted that he had shown up at the hearing, and suggested that he be placed in an inpatient drug treatment program.  The Eastern District MJ determined that there were no conditions or combination of conditions that would reasonably assure Moreno's appearance in court or the safety of the community.  She ordered that Moreno be held without bail pending trial.

On appeal to the district court, Moreno disputed the government's portrayal of the circumstances surrounding his arrest in San Fernando:  He denied breaking into the car and noted that he had a prescription for Xanax and that his brother had claimed ownership of the other drugs found in the car.  He also disputed the government's claim that he was a flight risk and a danger to the community.  He noted that he had appeared at the May 2 hearing in the Eastern District, had deep ties to California (where he would reside while on bail), had never been convicted of a felony, and had never been found to be in possession of a firearm.  On June 24, the district judge in the Eastern District affirmed the MJ's detention order and adopted her report and recommendation.

On appeal to this court, Moreno raises four issues.  First, he challenges

3

the detention order on the merits.  Second, he claims that the district court violated its own local rules.  Third, he claims that the district judge violated ethical rules by having his law clerk send out an email about a filing deadline. Finally, he claims that his constitutional rights were violated when he was denied an evidentiary hearing in the CDCA.

## II.

Absent an error of law, we review a pretrial detention order under "a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).  The question is "whether the evidence as a whole supports the conclusions of the proceedings below." *Id*. (citation omitted).

A "judicial officer shall" revoke bail if he (1) finds that there is either (a) "probable cause to believe that the defendant has committed" a crime or (b) "clear and convincing evidence that the person has violated any other condition of release" and (2) finds that either (a) "based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or (b) "the person is unlikely to abide by any condition or combinations of conditions of release."  18 U.S.C. § 3148(b).  The factors  in § 3142(g) include the nature and circumstances of the offense charged; the weight of the evidence; the defendant's physical and mental condition; his employment; his ties to the community; his criminal history; and his record of appearing at court proceedings.  § 3142(g).  If there is probable cause to believe that the defendant has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that he will not pose a danger to another person or the community.  § 3148(b)(2)(B).

No. 16-30785

The evidence as a whole supports the detention order. Moreno was on pretrial release for about a month, during which he tested positive for drugs and was arrested for drug-related crimes. He has four drug convictions, no ties to the Eastern District, and no verifiable legitimate employment. The facts surrounding his arrest in San Fernando establish probable cause that he committed a felony while on release, creating a rebuttable presumption that he is a danger to the community.

Moreno points to his record of showing up for court as evidence that he is not a flight risk. But there is considerable indication that he is a danger to the community even if not a flight risk. The district court did not abuse its discretion by ordering detention.

III.

Moreno claims that the district court violated Eastern District of Louisiana Local Criminal Rule 5.2, which provides in relevant part,

> The criminal magistrate judge shall . . . [s]et conditions of bail and order release or detention of arrested persons in accordance with *18 USC 3141*, except that the magistrate judge who initially sets the conditions of release shall also conduct all subsequent proceedings related to detention or release of the defendant.

Moreno reads this provision to mean that the Eastern District MJ should have deferred to the MJ in the CDCA, who set the initial conditions of release in this case. The government counters that Rule 5.2 only governs the assignment of cases within the Eastern District and does not require cases to be transferred to other districts.

Generally, a district court's application of its local rules is reviewed for abuse of discretion.[1] But because Moreno did not raise this issue in the district

---

[1] *See United States v. Hale*, 685 F.3d 522, 532 (5th Cir. 2012) (per curiam) (citing *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002)); *see also in re Adams*,

No. 16-30785

court, it is reviewed only for plain error. *See United States v. Cordova-Soto*, 804 F.3d 714, 722 (5th Cir. 2015). To demonstrate plain error, "an appellant must show (1) a forfeited error, (2) that is clear or obvious, and (3) that affects [the appellant's] substantial rights." *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Even if those prongs of the test are satisfied, reversal is warranted "only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" and this court chooses to exercise its discretion to correct the error. *Id.* (citation omitted).

The district court's interpretation of Rule 5.2 did not constitute plain error. The government's theory that Rule 5.2 applies only locally makes sense given that it is a local rule, and Moreno has presented no authority to the contrary. Even if the district court erred, that error was neither clear nor obvious.

IV.

On June 6, 2016, one of the district judge's law clerks sent an email to both parties, asking whether they believed oral argument was needed. The email also noted that the government had not filed an opposition to Moreno's appeal of the Eastern District MJ's order. The filing deadline had been June 2, but the email indicated that a late filing would be accepted so long as it was filed "ASAP." Moreno claims that by sending that email, the district court showed "deference" to the government, prejudicing him. Moreno believes that if the email had not been sent, the government would not have filed an opposition to the appeal, and Moreno would have received the relief he sought.

This issue is foreclosed, because the email is not in the record. Moreno never moved to supplement the record with the email; instead, he just included

---

734 F.2d 1094, 1102 (5th Cir. 1984) ("Courts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court.").

it as an appendix to his appellate brief. "It is appellant's responsibility to order parts of the record which he contends contain error and his failure to do so prevents us from reviewing this assignment of error."[2]

## V.

Moreno claims that he had a constitutional right to an evidentiary hearing in the CDCA. He says that by denying that, the district court violated his "rights to due process and equal protection under the Fifth and Fourteenth Amendments." But he does not sufficiently explain his reasoning or cite any caselaw for support. This argument is waived for lack of adequate briefing.[3]

The detention order is AFFIRMED.

---

[2] *United States v. Narvaez*, 38 F.3d 162, 167 (5th Cir. 1994); *see also* FED. R. APP. P. 10(e). We intend no indication that, if the email were in the record, Moreno's point would have merit.

[3] *See United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989) (stating that a party waives an argument that is inadequately briefed).