# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31087

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

CLAIMANT ID 100128765,

Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-13934

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

This appeal involves a claim under the *Deepwater Horizon* Economic and
Property Damages Settlement. Bickford Appraisal Group is a real-estate-
appraisal company located in Hammond, Louisiana. As a zone D claimant
under the Settlement, Bickford was required to show causation in order to
recover losses. Bickford attempted to show causation by submitting published

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-31087

articles discussing the effect on the real-estate-appraisal industry of the financial reforms that resulted from the Dodd-Frank Act. The claims administrator denied Bickford's claim for failure to show causation. The appeal panel upheld the claims administrator's decision because Bickford failed to provide objective third-party documentation. The district court then denied discretionary review. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

The *Deepwater Horizon* oil spill and the resulting class-action settlement are no strangers to this court. *See, e.g.*, *In re Deepwater Horizon*, 785 F.3d 1003, 1008–09 (5th Cir. 2015) (discussing the background of appeals arising out of the class-action settlement). Hence, we discuss only the facts necessary for the resolution of this appeal.

Appellant Bickford Appraisal Group is a real-estate-appraisal company located in Hammond, Louisiana. Bickford filed a "Business Economic Loss" claim under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement (the "Settlement"). The Settlement divides various geographic regions in the Gulf of Mexico into four economic loss zones: A, B, C, and D. It is undisputed that Bickford is a zone D claimant.

In order to recover for losses pursuant to the Settlement, a zone D claimant is required to establish causation through one of various tests. Those tests are set out in Section III of Exhibit 4B of the Settlement. In a hearing before the claims administrator, Bickford sought to establish causation pursuant to the "Decline Only" test. That Exhibit set out three subparts to the test, summarized in Policy Statement 474 in this abbreviated way:

> 1. The first prong of this test examines the decline in percentage of revenue over three consecutive post-Spill months in 2010 compared to the same months in the Benchmark Period.

No. 16-31087

2. The second prong requires the claimant to provide specific documentation that identifies factors outside the control of the claimant that prevented the recovery of revenues in 2011.

3. The third prong examines the decline in the share of total revenue generated by certain customers over the same period of three consecutive post-Spill months in 2010 as used in the first prong . . . compared to the same three consecutive month period in 2009. The Settlement Program refers to this analysis as the Customer Mix Test.

Relevant for this appeal, the second prong lists six factors, at least one of which much be supported by documentation:

Specific documentation identifying factors outside the control of claimant that prevented the recovery of revenues in 2011:

- The entry of a competitor in 2011
- Bankruptcy of a significant customer in 2011
- Nearby road closures affecting the business
- Unanticipated interruption resulting in closure of the business
- Produce/Source replacement by Customer,
- Loss of financing and/or reasonable terms of renewal[.]

In an attempt to satisfy the second prong, Bickford submitted two articles from an appraisal trade publication. Bickford alleged that these articles explained that appraisal companies struggled in 2011 after the 2010 passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act.

According to Bickford, Dodd-Frank required lenders to go through appraisal management companies to bid out appraisals, while before the enactment, lenders could contract directly with appraisal companies to request appraisals. Bickford contends that the new requirements had the effect of driving down an appraiser's revenues.

The claims administrator denied Bickford's claim, summarizing the reasons this way: "You have not provided documents sufficient to establish that your lost revenue occurred as a result of the Spill, in accordance with Exhibit

3

No. 16-31087

4B of the Settlement Agreement."  Bickford sought reconsideration, but the request was denied.

The appeal panel then upheld the denial of Bickford's claim.  The appeal panel interpreted the specific documentation requirement in Section III.C as necessitating objective third-party documentation.  The appeal panel concluded that the articles and the information within the articles were not objective.  Bickford then sought discretionary review from the district court. The district court denied review.

## DISCUSSION

We review the district court's denial of discretionary review for abuse of discretion.  *Deepwater Horizon*, 785 F.3d at 1011.  Interpretation of the Settlement itself, however, "is a question of contract law that this Court reviews de novo." *Id.*  The district court can abuse its discretion in at least two circumstances: when "the decision not reviewed by the district court [1] actually contradicted or misapplied the Settlement Agreement, or [2] had the clear potential to contradict or misapply the Settlement Agreement." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016).  We also agree with a point made in an unpublished opinion, that one factor to consider in deciding whether the district court abused its discretion is whether the issue has divided the appeal panels. *See Claimant Id 100226366 v. BP Expl. & Prod., Inc.*, 671 F. App'x 940, 941 (5th Cir. 2016).

Bickford argues that the district court abused its discretion by leaving in place a split with another appeal panel that considered an identically situated claimant and by not correcting a legally incorrect definition of what it means for documentation to be "objective."

Bickford's argument about a split between appeal panels relies on a ruling by an appeal panel that addressed a different claim.  The prior panel

4

concluded that the same published articles Bickford submitted here were sufficient documentation to satisfy the second prong of the Decline Only test. For that ruling to create a conflict with the one now before us, it must have involved substantially identical claimants relying on substantially identical documentation.

One immediately noticeable difference is that the previous decision dealt with a zone C claimant and not a zone D claimant like Bickford. Both zone D and zone C claimants can utilize a Decline Only test to show causation. The documentation for zone C claimants using the Decline-Only test is found in Section II.C, while the zone D requirements are found in Section III.C. There is at least one material difference. Section II.C requires "[s]pecific documentation identifying factors outside the control of the claimant that prevented the recovery of revenues in 2011, *such as*" the six factors we previously quoted from Section III.C. Section III.C is identical except that "such as" is omitted.

It is a small difference at first look, but upon reflection the difference takes on a more meaningful aspect. One section lists representative documentation while the other has an exhaustive list. Thus, the district court did not allow a clear difference between appeals panels to go unaddressed. This specific terminology is noted in Policy Statement 474: "The Claims Administrator interprets the inclusion of the phrase 'such as' in Section II.C to mean that the list of factors is not an exhaustive list." It is completely consistent with this interpretation for us to hold that the absence of "such as" in Section III.C, which is the section that applies to this case, renders the list of factors exhaustive.

We need not consider whether the appeal panel applied a legally incorrect definition of "objective" when dismissing the documentation because Bickford's Dodd-Frank articles do not address any of the factors required by

Section III.C.  Bickford did not satisfy Section III.C because Bickford failed to provide specific documentation addressing one of the enumerated factors.

The district court did not abuse its discretion in denying Bickford's petition for discretionary review.

AFFIRMED.