# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 18-31113
Summary Calendar

May 15, 2019

Lyle W. Cayce
Clerk

BP EXPLORATION & PRODUCTION, INCOPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties – Appellants,

v.

CLAIMANT ID 100283067,

Objecting Party – Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-8131

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

This case involves a business economic loss claim under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement (Settlement Agreement). Here, BP asserts that Claimant is not entitled to the $1.59 million award it received pursuant to the Settlement Agreement because Claimant failed to establish causation and the Claims Administrator erroneously

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-31113

classified certain expenses as "fixed."  Because the district court did not abuse its discretion in declining discretionary review, we AFFIRM.

I.

Claimant is a construction contractor located in Naples, Florida.  As a class member in economic loss Zone D, Claimant must satisfy one of the causation tests set out in Exhibit 4B to the Settlement Agreement to recover on its economic loss claim.  Because Claimant has relied on the "Decline-Only Revenue Pattern" test, it must show both a decline in revenue in 2010 and one of six factors which prevented its recovery of revenue in 2011.  If Claimant can demonstrate these causation requirements, it may be compensated for the profit it might have earned during the designated post-spill period.

To determine a claimant's compensation amount, the Claims Administrator compares pre-spill and post-spill profits.  For the purposes of the Settlement Agreement, profit is the difference between revenue and "variable" costs.  In contrast, "fixed" costs are incurred by a company regardless of its level of business activity and therefore should not be subtracted from revenues when calculating profit.  *BP Expl. & Prod., Inc. v. Claimant ID 100094497* (*Texas Gulf Seafood*), 910 F.3d 797, 799, 802 n.2 (5th Cir. 2018).

Claimant filed its claim on March 15, 2014.  In April 2016, the Claims Administrator denied the claim for failure to provide documents sufficient to establish that Claimant had lost revenue as a result of the spill in accordance with Exhibit 4B of the Settlement Agreement.  After Claimant filed a memorandum in opposition to the denial notice, the Appeal Panel reversed the Claims Administrator's decision, finding that Claimant had produced enough evidence demonstrating a factor which prevented its recovery of revenue, and remanded the case back to the Claims Administrator.  The factor relied on by the Appeal Panel was not listed in Exhibit 4B.  After *Claimant ID 100128765*

2

No. 18-31113

was decided, the Claims Administrator requested additional documentation and ultimately found that Claimant satisfied the Decline-Only Revenue Pattern test based on a listed factor, "entrance of competitors in 2011," and was therefore entitled to an award.[1]

BP appealed this award to the Appeal Panel, which affirmed the award. The Appeal Panel also rejected BP's argument that Claimant must show how much revenue Claimant lost from competitors who entered the marketplace. The district court denied BP's request for discretionary review. BP now appeals.

## II.

This court reviews the district court's denial of discretionary review for an abuse of discretion. *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). There is an abuse of discretion when the decision the district court declined to review "actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 409–10 (5th Cir. 2016)). An abuse of discretion also occurs if a district court denies a request for review that "raises a recurring issue on which the Appeal Panels are split 'if the resolution of the question will substantially impact the administration of the Agreement.'" *Texas Gulf Seafood*, 910 F.3d at 800 (quoting *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017)). However, the district court does not abuse its discretion if it denies a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted and implemented, but

---

[1] In *Claimant ID 100128765*, we held that the list of factors in Exhibit 4B is exhaustive. *Claimant ID 100128765 v. BP Expl. & Prod., Inc.*, 709 F. App'x 771, 774 (5th Cir. 2017). A claimant must rely on a factor included on the list. *Id.*

3

simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Id.* (alterations in original) (quoting *Claimant ID 100212278*, 848 F.3d at 410).

### III.

BP argues that the district court abused its discretion in denying review for two reasons: 1) the Appeal Panel misconstrued the Settlement Agreement when it concluded that Claimant satisfied the Decline-Only Revenue Pattern test; and 2) the Appeal Panel misapplied the Settlement Agreement when it classified "Shop Supplies" and "Tools and Small Equipment" as fixed expenses instead of variable expenses. Claimant argues that because the issues appealed to the district court were factual and apply only to this specific case, it was within the district court's discretion to decline review.

### A.

Regarding causation, BP asserts that the Appeal Panel and Claims Administrator actually relied on a factor not on Exhibit 4B's exhaustive list. Specifically, it states that, contrary to Claimant's arguments, general contractors electing to complete their own work instead of hiring Claimant as a subcontractor does not amount to "The entry of a competitor in 2011" under Exhibit 4B; rather, it is simply a customer deciding not to hire Claimant.

BP further argues that even if Claimant manages to satisfy the factor, the district court abused its discretion by declining to review an award that misapplies the Settlement Agreement by using a factor that, while on the list, is not capable of explaining Claimant's failure to recover revenue in 2011. In other words, the aim of the causation tests is to limit recovery to businesses that realistically may have suffered a loss caused by the spill, and Claimant's contractor customers electing to complete their own projects cannot satisfy that requirement given that 1) two out of the four contractors did not retain

Claimant in 2010; and 2) combined, the contractors only account for 2% of Claimant's revenue.

In response, Claimant points out that the Appeal Panel found that it was not necessary for a claimant to establish an exact amount of lost profit and that the Decline-Only Revenue Pattern test requires only that Claimant demonstrate a specific factor out of its control and not the amount of revenue it would have collected absent that factor.  Claimant states that requiring it to demonstrate that one of the factors resulted in a threshold amount of revenue decline amounts to adding an additional test outside the scope of the Settlement Agreement.  It also maintains that it has provided sufficient evidence to satisfy "The entry of a competitor in 2011" factor in Exhibit 4B.

Whether or not the Claims Administrator and Appeal Panel were correct, the question of whether the Claimant demonstrated that "The entry of a competitor in 2011" prevented it from recovering revenues is a fact-bound, discretionary administrative decision in the facts of a single claimant's case. *Texas Gulf Seafood*, 910 F.3d at 800.  Further, it is the causation tests in Exhibit 4B of the Settlement Agreement that determine whether a claimant is entitled to an award.  *See In re Deepwater Horizon*, 744 F.3d 370, 375–77 (5th Cir. 2014).  Because BP cannot rely on financial information not considered in those causation tests to demonstrate that Claimant did not suffer a loss caused by the spill, the Appeal Panel did not contradict or misapply the Settlement Agreement when it determined that Claimant did not have to demonstrate the amount of revenue it would have collected absent a factor in Exhibit 4B.  *See id.*  The district court therefore did not err in declining discretionary review on this issue.

No. 18-31113

B.

We turn next to the second issue on appeal: whether the district court abused its discretion by denying review of the classification of Claimant's "Shop Supplies" and "Tools and Small Equipment" expenses as fixed. BP argues that the Appeal Panel failed to classify Claimant's expenses according to their substantive nature and instead relied on the labels provided by Claimant in contravention of *Texas Gulf Seafood*.[2]  *See* 910 F.3d at 802. In addition, BP asserts that the award Claimant received was too high because the expenses should have been classified as variable and subtracted from Claimant's revenue.

After reviewing the record, we conclude that the Appeal Panel's analysis did not run afoul of *Texas Gulf Seafood*, and we need not determine whether the Claims Administrator and Appeal Panel correctly classified the expenses because, in challenging this classification, BP simply raises the correctness of a discretionary administrative decision in the facts of a single claimant's case. *See id.* at 800. Therefore, the district court did not abuse its discretion by denying review of the expense classification.

IV.

For the reasons described, we AFFIRM the denial of discretionary review by the district court.

---

[2] This court held in *Texas Gulf Seafood* that Claims Administrators and Appeal Panels must use their "independent judgment and classify expenses as 'fixed' or 'variable' according to their substantive nature, rather than rational basis review of the claimants' own descriptions." 910 F.3d at 802. The court further held that the district court erred in failing to review and correct the Appeal Panel's error of law. *Id* at 803.