# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-60362
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

NESTOR MARCELO CAMPOS-RAMENTHOL,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-107-5

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Nestor Marcelo Campos-Ramenthol appeals the district court's denial of his motion to revoke or amend the detention order entered on September 16, 2019. For the following reasons, we affirm.

## I.

In July 2019, Campos-Ramenthol was charged with three counts of conspiracy to distribute controlled substances as part of an ongoing investigation involving several other defendants. He was subsequently

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-60362

arrested, and a detention hearing was held in September 2019 where he was denied bail and release on conditions. There, the magistrate judge found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. *See* 18 U.S.C. § 3142(e)(3)(A).

Campos-Ramenthol is currently detained at the Harrison County Adult Detention Center ("HCADC") in Harrison County, Mississippi. In April 2020, he filed a motion to revoke or amend the detention order entered on September 16, 2019. In his motion, he explained that he has several underlying health conditions that require him to receive oxygen treatments at home, including coronary artery disease, cardiomyopathy, diabetes, obstructive sleep apnea, and heart failure with preserved ejection fraction. He argued that due to his health conditions, he could potentially be at risk should a COVID-19 outbreak occur at HCADC. His sister filed an affidavit in support that she would be willing to serve as a third-party custodian should he be successful in obtaining pretrial release.

The district court denied the motion determining that that the defendant had failed to argue any facts to overcome the rebuttable presumption in favor of the government that no condition or combination of conditions of release would reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). It further explained that there are currently no reported cases of COVID-19 at HCADC and that the facility has implemented a number of preventative measures to maintain the health and safety of its inmates. Additionally, the district court reasoned that supervision of the defendant would be greatly impeded or unavailable due to the suspension of home visits by probation. Campos-Ramenthol filed this appeal.

2

No. 20-60362

## II.

"Absent an error of law, we review a pretrial detention order under 'a deferential standard of review that we equate to the abuse-of-discretion standard.'" *United States v. Moreno*, 857 F.3d 723, 725-26 (5th Cir. 2017) (quoting *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992)). Our inquiry is "whether the evidence as a whole supports the conclusions of the proceedings below." *Id.* at 726 (citation omitted).

Here, the district court's denial of Campos-Ramenthol's motion to revoke or amend the detention order was clearly supported by the record evidence. First, given Campos-Ramenthol's lengthy criminal history and the likelihood that he is facing a robust sentence and designation as a career offender on his current pending charges, the magistrate judge's determination that he is a flight risk was reasonable. *See* 18 U.S.C. § 3142(e)(3)(A). Additionally, as the government points out, numerous precautionary measures have been instituted to ensure the health and safety of Campos-Ramenthol and the other HCADC inmates. There were no reported cases of COVID-19 at the jail at the time of the district court's April 14, 2020 order, and there continue to be no cases as of May 15, 2020. Further, the jail has procedures in place in case of an outbreak, including the isolation of high-risk inmates, and there is a registered nurse available on site who is aware of Campos-Ramenthol's health conditions.

For these reasons, we hold that the September 16, 2019 detention order, and the district court's order denying revocation or amendment of that order, is supported by the evidence in the record. *Moreno*, 857 F.3d at 726.

## III.

The district court's denial of Campos-Ramenthol's motion to revoke or amend his detention order is affirmed.