# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2022

Lyle W. Cayce
Clerk

No. 21-51053

United States of America,

*Plaintiff—Appellee*,

*versus*

Allen Houston James,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-106-1

Before King, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Allen Houston James appeals the district court's denial of his motion to revoke the magistrate judge's pretrial detention order. James is indicted with attempting to unlawfully kill the victim with malice aforethought by stabbing the victim in violation of 18 U.S.C. §§ 7(3), 13, and 1113, on or about June 18, 2000, at the Fort Hood Military Reservation. Because the record

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

supports the district court's finding that James is a danger to the community if he were released pending trial, we AFFIRM.

Absent an error of law, we will uphold a district court's pretrial detention order if it is supported by the record, "a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). Questions of law are reviewed de novo, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006), and factual findings are reviewed for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

Pursuant to the Bail Reform Act, a judicial officer may order a defendant detained pending trial if he or she finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e) & (f)(2)(B); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). "[I]n determining whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community," the judicial officer must consider the following factors: (1) the nature and circumstances of the charged offense, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his character, physical and mental condition, family ties, employment, financial resources, length of time in the locality, community ties, past conduct, criminal history, reliability in making prior court appearances, and whether he was under a sentence of imprisonment, parole, or probation at the time of the current offense or arrest; and (4) the nature and seriousness of the danger to a person

or the community that would be posed by the defendant's release. § 3142(g); *Rueben*, 974 F.2d at 586.

The record supports the district court's finding that James presents a danger to the community if he were released pending trial. The district court considered that James's charged offense is a crime of violence, *see United States v. Smith*, 957 F.3d 590, 594-96 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 828 (2020), the nature and circumstances of which include the alleged attack of a woman at knife-point, attempt to sexually assault her, and repeated stabbings which led to life-threatening injuries. The district court acknowledged this conduct allegedly occurred 20 years ago but was serious enough to find that James would be a danger to the community if he were released pending trial. It also considered other factors including the lengthy period of incarceration James would face if convicted and the fact that he has no connection with the area. And finally, even though the district court did not explicitly state it considered the weight of the evidence against James, at the hearing the Government stated it would produce DNA evidence connecting James to the alleged crime, and James's counsel argued against its reliability. We therefore conclude the district court did not abuse its discretion in finding that James is a danger to the community and should not be released pending trial. *See United States v. Moreno*, 857 F.3d 723, 726 (5th Cir. 2017) (finding no abuse of discretion because "there is considerable indication that [the defendant] is a danger to the community").

Although James argues that some of the factors the district court considered only apply to flight risk, we note only that the Bail Reform Act makes no distinction between the listed factors and whether they apply only to flight risk or dangerousness. *See* § 3142(g); *United States v. Salerno*, 481 U.S. 739, 751–52 (1987) (stating judicial officers evaluating dangerousness are "guided by statutorily enumerated factors"). And here, the record as a whole supports the district court's conclusion regarding James's

No. 21-51053

dangerousness. *See Rueben*, 974 F.2d at 586; *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (explaining that this court may uphold the order if any of the reasons are sufficient to justify the detention of the defendant).

Because the district court considered the statutory factors, and the record supports a finding by clear and convincing evidence of James's dangerousness, we AFFIRM.