# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30642
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

Cons w/16-30644 and 16-30656

CLAIMANT ID 100226366,

  Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

  Objecting Parties - Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3580
USDC No. 2:16-CV-3581
USDC No. 2:16-CV-3582

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Bailey Labor and Supply Co. appeals the district court's denial of its request for discretionary review of a decision of the administrators of the

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Deepwater Horizon* Economic and Property Damages Settlement (E&P Settlement). The administrators rejected Bailey's claim for compensation because it had previously filed a claim with, and took money from, the Gulf Coast Claims Facility (GCCF) in exchange for executing a release. Bailey argues that it should have been allowed to participate in the E&P Settlement because its earlier claim with the GCCF was limited to three of its six lumber yards. Because Bailey's opening brief to this court does not reckon with the threshold question whether the district court abused its discretion not to hear the appeal from the E&P administrators, Bailey has forfeited its challenge to this decision. We accordingly affirm.

## I.

Bailey owns six lumber yards in Mississippi. Three are located in coastal counties and three are further inland. After the *Deepwater Horizon* oil spill, BP agreed to create a claims process, the GCCF, for the benefit of those injured. Bailey submitted a claim to the GCCF for its three coastal outlets, expressly stating that it was filing a claim only for these locations. By filing this claim, Bailey received $172,534.46 in exchange for signing a broad release of its claims related to the oil spill. The release covered "any losses, damages, costs, expenses, injuries, claims, causes of actions, liabilities, or other relief that Claimant has or may have, whether known or unknown, whether present or future, whether direct or indirect, whether legal or equitable, arising from or relating in any way to the April 20, 2010 blowout of the Macondo Well, the sinking of Transocean's Deepwater Horizon drilling rig, and the subsequent oil spill in the Gulf of Mexico."

Some of those harmed by BP did not want to participate in the GCCF and sued the company instead. These cases were consolidated for multidistrict litigation in the Eastern District of Louisiana. With the approval of the court,

2

the plaintiffs and BP entered into the E&P Settlement. Its terms excluded those who had filed claims, received money, and signed releases through the GCCF. Bailey wanted in nonetheless; it argued that it only partook in the GCCF with respect to its coastal lumber yards and that the broader E&P Settlement could allow recovery for its inland yards.

After exhausting its appeals to the E&P administrators, Bailey unsuccessfully sought discretionary review from the district court. The E&P Settlement only allows for discretionary review by the district court; there is no appeal to the district court as of right. *Holmes Motors, Inc. v. BP Exploration & Prod., Inc.*, 829 F.3d 313, 316–17 (5th Cir. 2016).

## II.

In its opening brief, Bailey does not acknowledge the discretionary nature of the district court's review of decisions of the E&P administrators. It is only when the district court abuses its discretion that we will remand to require the court to review what the plan administrators have done. *See id.* at 315. As such, to rule in Bailey's favor, we first would have to decide that the district court abused its discretion. Factors that we consider in deciding whether the district court abused its discretion include whether the issue is frequently recurring or has divided the appellate panels of the E&P administrators. *See id.* at 317. We also consider whether the administrators' decision clearly contradicted or misapplied the settlement agreement. *In re Deepwater Horizon*, 641 F. App'x 405, 409–10 (5th Cir. 2016) (per curiam).

Bailey's opening brief skips this step—it does not acknowledge the standard of review, and offers no arguments to show that the district court abused its discretion. Bailey therefore has waived an issue necessary to the success of its appeal. *See Becker v. Tidewater, Inc.*, 335 F.3d 376, 394 (5th Cir. 2003) (finding waiver when party failed to set forth applicable standard of

review); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.").

Even if the question were properly before us, Bailey's underlying argument that the E&P administrators were wrong to reject its claim is misplaced. Bailey frames the issue in terms of the scope of the claim filed with the GCCF and the reach of the settlement it signed to obtain its GCCF payout. The language in the E&P Settlement agreement that excludes GCCF participants, however, is not directed at *claims* but at the *persons or entities* who received a payout from the GCCF. Section 2.2.6 of the E&P Settlement agreement fences out "[a]ny Natural Person or Entity who or that made a claim to the **GCCF**, was paid and executed a **GCCF RELEASE AND COVENANT NOT TO SUE**." Essentially, any receipt of GCCF money makes the claimant ineligible for the E&P Settlement. No one disputes that Bailey made a claim to the GCCF, was paid, and executed a release. It matters not that Bailey's claim was limited to some of its lumber yards.

* * *

The judgment is AFFIRMED.

4