# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30521

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2017

Lyle W. Cayce
Clerk

CLAIMANT ID 100236236,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-2085

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The appellant is a commercial rental property owner that filed a Business Economic Loss claim under the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement"). The owner challenges the district court's denial of discretionary review of an Appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30521

Panel decision denying its initial claim. Because the district court did not abuse its discretion in declining to review the claim, we AFFIRM.

## I.

This case arises from the Settlement Agreement involving the *Deepwater Horizon* oil spill. Appellant Aldrich Investments ("Aldrich") is a commercial rental property owner.  In order to recover on its claim for damages, Aldrich must meet the requirements set forth in the Settlement Agreement. Namely, Aldrich must be an entity "doing business or operating in the Gulf Coast Areas . . . [that] owned or leased real property in the Gulf Coast Areas at any time from April 20, 2010 to April 16, 2012." *Settlement Agmt*, § 1.2; ROA.1855–56 (emphasis omitted). Because Aldrich was in "Zone A," near the spill, it is not required to provide any evidence that the spill caused a revenue loss, and instead must meet the relevant revenue-pattern test. *See* ROA.2045; *In re Deepwater Horizon*, 744 F.3d 370, 375 (5th Cir. 2014). This test has two parts and allows the claimant to select a compensation period and a comparable benchmark period to determine its business economic loss, if any, due to the oil spill; if a claimant lost money as a result of the spill, it is entitled to compensation under the Settlement Agreement. *See* ROA.2062.

Aldrich did not have a commercial tenant for many years preceding the spill. Aldrich's last commercial tenant's lease ended in August 2008, after which it enlisted a broker for one year to try to rent the property. Although the broker agreement ended in September 2009, the broker continued to try to rent the property out past the date of the oil spill, including the period from January to April 2010. ROA.1548–71. Aldrich alleges that on both April 1, and April 19, 2010, the broker had a prospective tenant actively pursuing the property. ROA.1561, 1565, 1567–71. After the spill, the broker's efforts to rent the property continued, albeit unsuccessfully. ROA.1169–79; ROA.312–28. Aldrich

2

No. 16-30521

incurred over $60,000 of expenses to the property throughout 2010. ROA.318–23.

In July 2013, Aldrich filed a Business Economic Loss claim form, which was denied in November 2014. The Claims Administrator stated that Aldrich was not doing business or operating in the designated area at the time of the oil spill. ROA.1531–34. Aldrich requested review, and the Administrator issued a Post-Re-Review Denial Notice in July 2015, denying the claim on the same basis. ROA.1539–42. Aldrich timely requested reconsideration of this denial, which received a Post-Reconsideration Denial Notice a month later, again on the same grounds. ROA.1543. Aldrich then requested a call from the analyst denying the claim to get more detail about why the claim was denied. According to Aldrich, the analyst indicated it was because Aldrich did not report any revenues for 2010. ROA.1572–73; 1576–82.

Aldrich then filed a notice of appeal in October 2015. ROA.1574. The Appeal Panel affirmed the claim denial. ROA.1798–99. Aldrich appealed this to the district court, which declined to use its discretionary review power over Aldrich's claim. Aldrich now appeals the decision of the district court.

II.

"We review the district court's denial of discretionary review for abuse of discretion." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). We generally assess whether the district court abused its discretion in not reviewing the claim by looking to "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (citation omitted). However, we have been careful to note that it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement." *Id.* at 316; *see also In re Deepwater Horizon*, 785 F.3d

No. 16-30521

986, 999 (5th Cir. 2015) ("We do not intend any part of this opinion to turn the district court's discretionary review into a mandatory review. To do so would frustrate the clear purpose of the Settlement Agreement to curtail litigation.").

It may be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split if "the resolution of the question will substantially impact the administration of the Agreement." *In re Deepwater Horizon (Smith)*, 632 F. App'x 199, 203–04 (5th Cir. 2015). However, it is not an abuse of discretion to deny a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *In re Deepwater Horizon (Sexton)*, 641 F. App'x 405, 410 (5th Cir. 2016).

## III.

Aldrich argues that it was "doing business or operating" within the definition of the Settlement Agreement at the relevant time and so is entitled to a payout from BP. Because both parties agree about what the law should be here, their dispute is by definition a factual one.

Importantly, both parties agree that a business need not have earned revenue during 2010 to qualify as being in business. Aldrich argues, however, that the review panels incorrectly used a lack of revenue in 2010 as the only outcome determinative factor, rather than using a totality of the circumstances test. Aldrich alleges that there is a split among the Appeal Panels on this issue and that allowing the viability of a claim to be decided based on a randomly assigned panel is a violation of the Settlement Agreement. BP notes, however, that of the multiple factors both parties agree should be considered, only one— the presence of a broker—supports Aldrich's claims to be "doing business or operating," and that because the agreement with the broker lapsed in 2009, despite some evidence that it continued to look for a lessee, it is not particularly

strong evidence. Aldrich had not been earning revenue, or leasing or advertising the property since 2008. Given the conflicting evidence in the record regarding whether Aldrich was "doing business or operating" at the time of the oil spill, the Appeal Panel did not abuse its discretion in affirming the denial of Aldrich's claim.

Because Aldrich has failed to show either that the Appeal Panel erred in its interpretation of the Settlement Agreement, *Holmes Motors*, 829 F.3d at 315, or that the dispute involves a "pressing question of how the Settlement Agreement should be interpreted or implemented," and instead has merely "raise[d] the correctness of a discretionary administrative decision in the facts of a single claimant's case," *In re Deepwater Horizon (Sexton)*, 641 F. App'x 405, 410 (5th Cir. 2016), the district court did not abuse its discretion in declining to review the decision of the Appeal Panel.

IV.

Because the district court's denial of discretionary review does not constitute an abuse of discretion, we AFFIRM.