# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30685
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2018

Lyle W. Cayce
Clerk

CLAIMANT ID 100299837,

      Requesting Party – Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-3953

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

North Shore Beach, LLC ("North Shore") appeals the district court's order denying review of a rejected claim it submitted under the *Deepwater Horizon* Economic Property Damages Settlement program.[1]  Based on his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] By this point, all parties and the court are familiar with the background of this litigation.  The origins of the case and the settlement agreement are described in detail at *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 910 F. Supp. 2d 891 (E.D. La. 2012) *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

mapping experts' analysis, the Claims Administrator found that North Shore's parcel of land, Lot 63A, is outside the Wetlands Real Property Claim Zone and therefore ineligible for compensation.  North Shore, however, argues that it has a meritorious claim because Lot 63A seems to appear inside a qualifying, "blue-shaded portion[]" of a map in the Settlement Agreement illustrating the Wetlands claim zone.  The mapping tool used to draw this map has a disclaimer stating that the depiction is for "informational purposes only, and does not constitute an official designation. . . ."  The Settlement Appeal Panel adopted the Claims Administrator's finding that Lot 63A was outside the claim zone, and the district court denied review.  North Shore now appeals the district court's order.

We examine the district court's denial of discretionary review for abuse of discretion.[2]  We ask "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement."[3]

This case presents a straightforward challenge to the Claims Administrator's factual finding that Lot 63A is not within the Wetlands claim zone.  The Settlement Agreement provides that a claimant must submit documentation to the Claims Administrator to show that compensation is warranted.  Here, the Claims Administrator found, and the Appeal Panel affirmed, that North Shore's submissions failed to make this showing.  North Shore cannot base its claim for Lot 63A on the mere fact that its neighboring parcel, Lot 63, qualified for settlement compensation.  Moreover, Claimant's reliance on the general depiction on the map for the boundary of the Wetlands

---

[2] *Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 169 (5th Cir. 2017) (citing *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016)).

[3] *Holmes Motors*, 829 F.3d at 315 (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 409–10 (5th Cir. 2016) (per curiam) (unpublished)).

No. 18-30685

claim zone is not justified because the map is explicitly "for informational purposes only" and "not an official designation." The Claims Administrator correctly relied on his mapping experts to determine whether Lot 63A indeed falls inside the Wetlands claim zone. And the experts found that Lot 63A is outside the Wetlands claim zone. We have no basis to disagree with this finding. Therefore, in light of the record, the district court did not abuse its discretion in denying review of this claim.

For these reasons, we AFFIRM the district court's order.

**AFFIRMED.**