# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30137

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

CLAIMANT ID 100196090,

Requesting Party - Appellant

v.

BP EXPLORATION ; PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Cody Fortier Farms LLC ("CF Farms") is a dirt-work services business based in Opelousas, Louisiana. In 2011, it filed a claim with the Deepwater Horizon Court Supervised Settlement Program. CF Farms alleges that the Program's Claims Administrator misapplied the Settlement Agreement in treating CF Farms' management-fee expenses as revenues received in non-arm's-length transactions. CF Farms alleges that this mistake led the Claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Administrator to understate its benchmark profits, resulting in under compensation. After CF Farms exhausted appeals within the Program, it sought discretionary review at the district court. The district court declined to review the question. We affirm the district court's decision.

I.

Our prior opinions describe the Deepwater Horizon disaster and explain the origins of the Court Supervised Settlement Program and the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement").[1] Under the Settlement Agreement, appellee BP agreed to compensate claimants' business and economic losses as measured by decreases in the claimant's variable profits attributable to the disaster, plus compensation for lost growth.[2] To assure the accuracy of the pre-disaster benchmark, the Claims Administrator does not count amounts that a claimant labelled as "revenues" for accounting purposes, but do not accurately represent the claimant's pre-disaster business operations. While arms-length transactions are subject to market discipline, the same discipline may be lacking when transactions are between related parties, and so including related-party transactions in loss calculations could lead to overcompensation. For this reason, under a policy known as Policy 328, the Claims Administrator excludes income streams received in related-party transactions from loss calculations.

The Settlement Agreement also established a procedure for the evaluation and processing of claims. After claimants submit claims, the Claims

---

[1] *See generally In re Oil Spill by Oil Rig "Deepwater Horizon,"* 910 F. Supp. 2d 891 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

[2] Variable profit refers to the claimant's revenues less variable costs (fixed costs are excluded from the calculations). *See also In re Oil Spill*, 910 F. Supp. 2d at 905 (describing method for calculation of business economic loss claims).

Administrator determines whether the claimant is eligible, and, if so, the amount of compensation. After the Claims Administrator has issued a determination on the claim, the claimant has the opportunity to appeal the determination to an Appeal Panel, which will issue a decision reviewing the Claim Administrator's decision. The claimant then has the opportunity to seek judicial review at the discretion of the district court.[3] The claimant may appeal the district court's judgment to this court.

## II.

In March 2013, CF Farms filed a claim with the Settlement Program for business and economic losses of $2,529,000 using claimant identification number 100196090. CF Farms selected 2008 and 2009 as its benchmark period, and used 2010 for its post-disaster comparison, and provided financial statements for both periods. Among the entries in its benchmark-period statements, CF Farms listed large "management fee" expenses. Following the submission of the claim, the Claims Administrator wrote to CF Farms seeking more information about these management-fee expenses. Specifically, the Administrator sought "a description of 'Management Fees' in 2008 and 2009 and how it [*sic*] relates to the increase in revenue in these years." In response, CF Farms explained that these were payments "made to service the debt for equipment owned by the owner. The management fee is determined based on owner's needs and not by jobs worked on."

On March 23, 2017, the Claims Administrator determined that CF Farms was due compensation in the amount of $57,394—roughly 2.2 percent

---

[3] *In re Deepwater Horizon*, 785 F.3d 1003, 1007 (5th Cir. 2015) ("A party may then appeal the Appeal Panel's determination to the district court of Judge Barbier in the Eastern District of Louisiana, which has discretion to hear such appeals.").

of the claim.[4] Settlement Program accountants determined that large fractions of CF Farms' revenues during the benchmark period were not attributable to normal business operations, but rather were collections made for and passed through to Cody Fortier Equipment, a company owned by the same individual who owned CF Farms. Accountants determined that the management-fee expenses demonstrated that "revenues recorded on the [profit and loss statements] are collections on behalf of the related party company and are remitted to that related party on an as needed basis." The Claims Administrator therefore applied a contra-revenue account in the amount of these management fees, reducing benchmark revenues in a corresponding amount for purposes of calculating the claim.

CF Farms challenged the determination before the Appeals Board, arguing that the Claims Administrator had "improperly determined that a Management Fee expense of the claimant should be classified as a Contra-Revenue account and incorrectly moved an expense due to an alleged related party transaction," under a policy that only pertained to "the reclassification or negating of revenue—not expenses." The Appeals Board requested explanation from the Claims Administrator regarding "how said Policy [328] (which on its face applies only to the treatment of revenues) was used in this case to reclassify an[] expense." In response, the Claims Administrator explained that based on the claimant's description of the Management Fee Expenses, "DWH Accountant has concluded that revenues recorded on the P&Ls are collections on behalf of the related party company and are remitted

---

[4] CF Farms had requested reconsideration of an initial Eligibility Notice, issued on October 3, 2016, determining compensable losses to be $69,349. The initial determination is not at issue in this appeal.

4

to that related party on an as needed basis." The Appeals Panel affirmed the Claim Administrator's determination.

CF Farms petitioned for discretionary review by the district court. In its request, CF Farms described the "question presented" as "a purely legal one: Does Policy 328[] apply to the treatment and/or reduction of only revenues, rather than expenses?" Insisting that this question would affect "not only this claim, but many that are destined to follow this pattern," CF Farms urged the district court to exercise its discretion to review the decision. The district court declined review. CF Farms appeals that denial.

## III.

The Settlement Agreement is governed by maritime law, and, therefore, we have jurisdiction over appeal of the district court's interlocutory decree "determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."[5] The district court's review of Appeals Board decisions is discretionary.[6] The parties to the Settlement Agreement did not anticipate that the district court would "act as the arbiter of each individual claim." "Discretionary Court Review of an Appeal Panel Determination is a form of extraordinary relief that will be conducted only in rare and exceptional circumstances." We review the district court's denial of discretionary review for abuse of discretion.[7] We find an abuse of discretion where the district court denies review in the face of a recurring issue on which Appeals Panels are split,[8] or a contradiction or misapplication of the

---

[5] 28 U.S.C. § 1292(a)(3).

[6] *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316 (5th Cir. 2016).

[7] *Id.* at 315.

[8] *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017).

Settlement Agreement.[9] The district court's exercise of discretion to decline review of a factual dispute confined to the circumstances of an individual claim is not an abuse of discretion.[10]

CF Farms' appeal poses an initial question about questions: what dispute did the district court decline to review? CF Farms argues that the question posed to the district court was purely legal: "Does Policy 328 . . . apply to the treatment and/or classification of only revenues, rather than expenses?" BP on the other hand argues that CF Farms sought review of a factual dispute: whether "the particular revenues at issue in this case were not . . . passed through" to a related entity.

BP is correct. The parties agree that Policy 328 provides the operative rule here. Contra CF Farms' account, the parties, the Claims Administrator and the Appeals Board all agree that Policy 328 applies only to revenues and not expenses. When the Claims Administrator reduced benchmark revenues in an amount equivalent to "management fees expenses," there was no mistaken treatment of expenses as revenues. Rather, the Claims Administrator determined that CF Farms' management-fee expenses, taken together with information on the owner's tax returns, demonstrated that a corresponding revenue during the same period were accounted for by related-party transactions, specifically by collections for Cody Fortier Equipment, an activity that it determined was unrelated to CF Farms' normal dirt-services operations. CF Farms disputes the Claims Administrator's inferential step

---

[9] *Holmes Motors, Inc.*, 829 F.3d at 315.

[10] *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016) (unpublished) ("If the discretionary nature of the district court's review is to have any meaning, the court must be able to avoid appeals like this one which involve no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise the correctness of a discretionary administrative decision in the facts of a single claimant's case.").

from expenses and tax returns to corresponding revenues. This is a factual dispute.

Whether the Claims Administrator's factual determination was accurate is a question not before us. We ask only whether the district court abused its discretion in declining review of this question. The dispute is not about a misapplication of the Settlement Agreement—the dispute is about to which factual premises the Agreement should be applied. Nor does this case pose a potentially recurring problem that will afflict the Settlement Program if left unaddressed: it is narrowly confined to the facts of CF Farms' submission, its underlying business operations, and the Claims Administrator's reasoning on the facts of this claim. We find no abuse of discretion in the district court's decision to decline review.

## IV.

The parties agree that briefs and other documents in the record containing CF Farms' confidential information should remain sealed. Because in this case CF Farms' confidential information is found throughout the briefs and record, these documents should remain sealed.

## V.

For the foregoing reasons, we AFFIRM the district court's denial of discretionary review and ORDER that the briefs and record in this case remain sealed.