# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30790
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2019

Lyle W. Cayce
Clerk

CLAIMANT ID 100257128,

     Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

     Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4957

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

     This appeal concerns an application of the Deepwater Horizon Economic and Property Damages Settlement Agreement. The district court denied discretionary review of the appeal panel's decision in this case. We AFFIRM.

     In 2013, Claimant ID 100257128 ("Claimant") sought compensation for business economic losses from the claims administrator under the settlement

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement. The claims administrator initially awarded Claimant $320,386.51 for its losses, but then backtracked prior to payment and redesignated the claim as one for "Failed Business Economic Loss." Section 38.68 of the settlement agreement defines a failed business as

> a business Entity that commenced operations prior to November 1, 2008 and that, subsequent to May 1, 2010 but prior to December 31, 2011, either (i) ceased operations and wound down, or (ii) entered bankruptcy or (iii) otherwise initiated or completed a liquidation of substantially all of its assets, as more fully described in Exhibit 6.

Any entity designated as a failed business must seek compensation under the failed-business framework.

After reevaluating the claim under this framework, the claims administrator denied Claimant's request. Claimant sought reconsideration from the claims administrator, and its claim was once again denied. Claimant appealed to an appeal panel, as provided under the settlement agreement, alleging that the claims administrator had erred in designating it a failed business. The appeal panel affirmed. Claimant then sought discretionary review in the district court, which denied review. Claimant now appeals.

Claimant argues that it is not a failed business under the terms of the settlement agreement. According to Claimant, it filed for bankruptcy on April 20, 2010, prior to the timeframe articulated in § 38.68. Claimant argues that the claims administrator's redesignation of it as a failed business was therefore erroneous and ought to have been overturned by the district court.

We interpret the settlement agreement in accordance with general maritime law, whereby a contract "should be read as a whole and its words given their plain meaning unless the provision is ambiguous." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016) (quoting *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009)). Looking at the

settlement agreement as a whole, we conclude that the claims administrator's designation was not in error. Although Claimant does not fall within the bounds of § 38.68, other portions of the settlement agreement suggest that Claimant is not entitled to business-economic loss. First, the failed-business framework, appended as an exhibit to the settlement agreement, provides that a business may not receive compensation under that framework if it "was in default prior to May 1, 2010 under any existing financing agreement." Claimant does not appear to dispute that it was in default prior to May 1, 2010. It is highly unlikely that the settlement agreement would *deny* a claimant failed-business compensation, but nonetheless *award* economic-loss compensation. Accordingly, the failed-business framework provides good reason to believe that Claimant is not entitled to economic-loss compensation. Moreover, Policy 506, the policy implementing the business-economic-loss framework, provides that "[a] claimant" that "entered bankruptcy . . . prior to December 31, 2011, will not be deemed eligible to file a General Business Economic Loss ('General BEL') claim." Claimant seeks only economic-loss compensation, but Policy 506 makes it plain that Claimant cannot receive such compensation. We therefore find that the claims administrator did not err in designating Claimant a failed business for purposes of the settlement agreement.

Alternatively, even if the administrator's decision were in error, it was not an abuse of discretion for the district court to refuse review of the decision. It is established that the settlement agreement "gives the district court discretion to decide whether it will review an award at all. Thus, the district court's denials of review are reviewed for abuse of discretion." *Lake Eugenie Land & Dev., Inc. v. BP Expl. & Prod., Inc.* (*In re Deepwater Horizon*), 785 F.3d 1003, 1011 (5th Cir. 2015). This court has also held that it "is wrong to suggest that the district court must grant review of *all* claims that raise a question

about the proper interpretation of the Settlement Agreement." *Holmes Motors,* 829 F.3d at 316.

What Claimant alleges is a single misapplication of the settlement agreement. A refusal to review so isolated an error, were one to exist here, cannot constitute an abuse of discretion. A contrary holding would "turn[] the district court's discretionary review into a mandatory review [and] would frustrate the clear purpose of the Settlement Agreement to curtail litigation." *Id.* (quoting *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015)). Instead, our reversals have been limited to cases involving pressing issues of the settlement agreement's interpretation that are either likely to recur or have split the appeal panels. *See, e.g., In re Deepwater Horizon*, 632 F. App'x 199, 203 (5th Cir. 2015) (unpublished) (finding abuse of discretion where district court refused to review decision involving issues that "have and will come up repeatedly" and upon which "[t]he Appeal Panels are split."). Claimant makes no argument that such circumstances are present here, and it does not appear they are: these facts are unique, and we are aware of no contrary decisions by an appeal panel. Accordingly, the district court did not abuse its discretion in denying review.

The judgment of the district court is therefore AFFIRMED.