# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2019

Lyle W. Cayce
Clerk

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100284842,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-5093

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

This case concerns a claim for business economic losses arising out of the *Deepwater Horizon* oil spill.[1] The Louisiana Primary Care Association, Inc., Claimant ID 100284842 ("LPCA"), brought an economic loss claim in April

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This court has previously detailed the facts of the oil spill and the intricacies of the resulting settlement agreement. *See In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014); *In re Deepwater Horizon*, 732 F.3d 326 (5th Cir. 2013).

No. 18-30788

2014 under the court supervised settlement program established in the aftermath of the spill. The settlement program awarded LPCA $224,432.68 in compensation. BP appealed, and the settlement program appeal panel modified the award to $208,316.33. BP alleges that the claims administrator erred in two respects: (1) by failing to properly match grant revenue with related expenses, and (2) failing to review expenses classified as "fixed" or "variable." BP sought discretionary review of the award in federal district court, which was denied. This appeal followed.

The district court has a discretionary right to review appeal panel decisions, "which is not a right for the parties to be granted such review." *Holmes Motors, Inc. v. BP Exp. & Prod., Inc.,* 829 F.3d 313, 316 (5th Cir. 2017) (quoting *In re Deepwater Horizon,* 785 F.3d at 999). We review the district court's denial of discretionary review for abuse of discretion. *Id.* at 315. We ask "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *In re Deepwater Horizon,* 641 F. App'x 405, 409-10 (5th Cir. 2016)). But it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement." *Id.* at 316. "It is not an abuse of discretion to deny a request for review that 'involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Claimant ID 100212278 v. BP Exp. & Prod., Inc.,* 848 F.3d 407, 410 (5th Cir. 2017) (quoting *In re Deepwater Horizon,* 641 F. App'x at 410).

First, as to BP's argument that the claims administrator failed to match grant revenue with corresponding expenses, BP fails to show that the district court abused its discretion by denying review. BP claims that LPCA improperly

recorded $75,000 in special grant revenue in December 2009 and that the claims administrator neglected to correct the error. We disagree. The claims administrator noted and inquired about the December 2009 revenue spike. Having done so, the administrator determined, and the appeal panel affirmed, that the revenue and expenses were properly designated. BP does not allege an appeal panel split on this matching issue,[2] nor does BP show that the claims administrator misapplied the settlement agreement. Consequently, this request for review does not raise a "pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Id.* We therefore find no abuse of discretion in the district court's denying discretionary review on the revenue matching issue.

Second, BP asserts that the claims administrator failed to determine whether LPCA's "variable" program expenses and "fixed" miscellaneous expenses contained properly classified line items, and that the district court abused its discretion in denying review. We again disagree. To calculate an award for business economic losses under the settlement agreement, business expenses must be classified as either "fixed" or "variable." *BP Expl. & Prod., Inc. v. Claimant ID 100094497*, 910 F.3d 797, 799 (5th Cir. 2018) (*Texas Gulf Seafood*). This classification may significantly affect the amount of money to which a claimant is entitled. *Id.* As this court recently decided in *Texas Gulf Seafood*, "the Settlement Agreement requires claims administrators to use

---

[2] We note that this Court is calendared to hear *In re Deepwater Horizon*, No. 17-30727 (oral argument scheduled for March 2019). In that appeal, BP disputes when claims administrators can reallocate revenue for the purpose of "matching," i.e., whether they may only reallocate revenue when necessary to correct errors, or whether they may also reallocate revenue to avoid mismatches. However, BP does not argue that the decision in that appeal could impact this one. Furthermore, unlike that case, this appeal concerns only the settlement administrator's discretionary determination that revenue had been properly matched.

their independent judgment and classify expenses as 'fixed' or 'variable' according to their substantive nature, rather than rational basis review of the claimants' own descriptions." *Id.* at 802.

Here, BP does not argue that the category of program expenses is not "variable," but instead argues that the claims administrator incorrectly deferred to LPCA's categorization of certain line-item expenses as "variable" program expenses. Similarly, BP does not contest that miscellaneous expenses are not "fixed," but instead argues that the items listed therein are not properly considered "fixed." Here, both the claims administrator and the appeal panel conducted an independent review of these line items. Specifically, the appeal panel noted: "The issues were examined under Policy 495 and the AVM Methodology and the Settlement Agreement exhibits. No error in classification has been shown." While BP insists that claims administrators must "show why [their] conclusion[s are] correct," *Texas Gulf Seafood* does not require this—it only requires claims administrators and appeal panels to "use their independent judgment" in classifying expenses. *Id.* at 802. BP has not shown that the district court abused its discretion in denying review.

AFFIRMED.