# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

No. 18-31117
Summary Calendar

CLAIMANT ID 100271726,

  Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

  Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-8145

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

PowerSouth Energy Cooperative ("PowerSouth") appeals the district court's denial of discretionary review under the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement").[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This court has laid out the facts of the oil spill and the intricacies of the resulting settlement agreement in detail before. *See In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014); *In re Deepwater Horizon*, 732 F.3d 326 (5th Cir. 2013).

Because the district court did not abuse its discretion, we AFFIRM.

PowerSouth is an energy cooperative that generates electricity and provides it wholesale to retail distributors, who, in turn, deliver that electricity to residential and business customers. As part of this process, PowerSouth uses its substations to "step-down" the voltage of its electricity to a safe level for residential and commercial use.

On January 2, 2014, PowerSouth filed twenty business economic loss claims with the Deepwater Horizon Court Supervised Settlement Program. Nineteen of those claims related to PowerSouth's individual substations and one related to PowerSouth's headquarters. This appeal concerns only the latter claim, but we briefly describe both sets of claims for context.

First, the claims administrator denied the nineteen substation claims. PowerSouth appealed those denials to nineteen Appeal Panels, which unanimously affirmed the claims administrator. *See Claimant ID 100271726 v. BP Expl. & Prod., Inc.*, 716 F. App'x 336 (5th Cir. 2018) ("*PowerSouth I*"). PowerSouth argued that each of its substations was a "facility" within the meaning of the Settlement Agreement and therefore each "facility" was entitled to compensation. Each Panel, however, found that the substations exist solely to "step-down" the voltage of electricity and that the mere transporting of power does not transform the isolated, unoccupied substations into "facilities" as that term is defined by the Settlement Agreement. *See id.* PowerSouth then filed multiple requests for discretionary review with the district court, which were all denied. On appeal, this court consolidated those cases and affirmed. *See id.*

Next, the claims administrator denied PowerSouth's remaining claim involving the company headquarters—the claim at issue here. The Settlement Agreement requires claimants located in Zone D, the geographical area furthest away from the spill, to satisfy the causation requirements set forth in

2

Exhibit 4B. In this case, the claims administrator determined that PowerSouth, which is located in Zone D, failed to satisfy those causation requirements. PowerSouth appealed, raising only one argument before the Appeal Panel and the district court. It argued that because two of its distribution members received compensation, "[a]ny losses experienced by those members would have [been] proportionally experienced by PowerSouth" and therefore "denial of the headquarter claim runs afoul" of the Settlement Agreement. The Appeal Panel, however, affirmed, and the district court denied discretionary review. PowerSouth now appeals that decision.

The district court has a discretionary right of review from Appeal Panel decisions, "which is not a right for the parties to be granted such review." *Holmes Motors, Inc. v. BP Exp. & Prod., Inc.,* 829 F.3d 313, 316 (5th Cir. 2017) (quoting *In re Deepwater Horizon*, 785 F.3d at 999). We review the district court's denial of discretionary review for abuse of discretion. *Id.* at 315. We ask "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 409-10 (5th Cir. 2016)). However, it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement." *Id.* at 316. "It is not an abuse of discretion to deny a request for review that 'involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Claimant ID 100212278 v. BP Exp. & Prod., Inc.,* 848 F.3d 407, 410 (5th Cir. 2017) (quoting *In re Deepwater Horizon*, 641 F. App'x at 410).

PowerSouth raises several arguments on appeal for the first time. It argues that Policy 467, which defines "facilities" under the Settlement

Agreement, violates due process and the presumption of retroactivity. PowerSouth did not, however, raise those arguments before the Appeal Panel or the district court in this appeal. In fact, PowerSouth's arguments appear to be an attempt to relitigate the substations claims decided in *PowerSouth I*. Accordingly, these arguments are waived. *See Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal."). PowerSouth also explicitly asks us to overrule *PowerSouth I*. We decline to do so. *See Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001) ("It is well-established in this circuit that one panel of this Court may not overrule another."). The only argument PowerSouth has preserved in this appeal is the single argument it raised before the Appeal Panel and the district court. There, PowerSouth argued that because two of its distribution members allegedly experienced losses and received compensation, PowerSouth "proportionally experienced" those losses and should similarly receive compensation. PowerSouth makes no argument, however, as to why the district court abused its discretion in denying review of this claim.

We therefore AFFIRM the district court's denial of discretionary review.