# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2019

Lyle W. Cayce
Clerk

CLAIMANT ID 100145392,

      Requesting Party – Appellant,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C., gun

      Objecting Parties – Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-6838

Before HIGGINBOTHAM, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

    Claimant Clickbooth.com, LLC appeals from the district court's denial of discretionary review of its claim under the Deepwater Horizon Economic and Property Damages Settlement (Settlement Agreement). Because Clickbooth qualifies as a "Start-Up Business" under the Settlement Agreement, and because Clickbooth challenges a fact-based, discretionary administrative

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31022

decision by the Claims Administrator, we AFFIRM the district court's judgment.

I.

Clickbooth is an internet marketing company in Sarasota, Florida, that was formed as part of the reorganization of an entity called IntegraClick, Inc. In October 2009, IntegraClick transferred substantially all of its assets and certain specified liabilities to Suncoast Holdings, LLC in exchange for all of the membership units in Suncoast Holdings. The following month, Suncoast Holdings transferred the same set of assets and liabilities to Eternal Strategies, LLC, which then divided the assets and liabilities among four newly-formed subsidiaries, one of which was Clickbooth. Thus, Clickbooth began operating in November 2009, approximately six months before the Deepwater Horizon oil spill occurred in April 2010.

Clickbooth filed a claim pursuant to the Settlement Agreement in November 2012. At the time, the Claims Administrator's Policy 354 was in place. The policy discussed the effect of various types of business organization changes on the processing of a claim under the Settlement Agreement. During the pendency of Clickbooth's claim, however, the Claims Administrator withdrew Policy 354 by agreement of the parties.

Although Clickbooth had filed a Business Economic Loss claim, the Claims Administrator reclassified Clickbooth as a Start-Up Business, which the Settlement Agreement defines as "a business with less than 18 months of operating history at the time of the Deepwater Horizon Incident." Clickbooth twice submitted additional documentation in an effort to challenge this reclassification, but the Claims Administrator ultimately denied the claim for failure to meet the Settlement Agreement's causation standard for Start-Up Businesses. Clickbooth sought reconsideration, and the Claims Administrator again concluded that Clickbooth was not entitled to an award.

No. 18-31022

Clickbooth then appealed to an Appeal Panel, arguing that it was not a Start-Up Business because it was a "mere continuation" of IntegraClick, which had been operating since 2003.  The Appeal Panel disagreed.  It determined that the Claims Administrator had properly classified Clickbooth as a Start-Up Business because "Clickbooth was merely a subsidiary of the purchasing entity and acquired only some of IntegraClick's original assets and liabilities."  Because this court has made clear that a claimant cannot "tack onto the transferor's operating history" under those circumstances, Clickbooth had operated for less than 18 months before the oil spill and therefore qualified as a Start-Up Business.  The district court denied discretionary review.

II.

We review the district court's denial of discretionary review for an abuse of discretion.  *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016).  The district court abuses its discretion if it declines to review a decision that "actually contradicted or misapplied the Settlement Agreement," but it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement."  *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (citation omitted).  The district court also abuses its discretion if it denies a request for review that "raises a recurring issue on which the Appeal Panels are split if 'the resolution of the question will substantially impact the administration of the Agreement.'"  *BP Expl. & Prod., Inc. v. Claimant ID 100094497* (*Texas Gulf Seafood*), 910 F.3d 797, 800 (5th Cir. 2018) (quoting *Claimant ID 100212278*, 848 F.3d at 410).  In contrast, the district court does not abuse its discretion by denying a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted and implemented, but simply raise[s] the correctness of a

discretionary administrative decision in the facts of a single claimant's case." *Id.* (alterations in original) (citation omitted).

## III.

Clickbooth advances two arguments on appeal: (1) the district court erred in denying discretionary review because Clickbooth is not a Start-Up Business under the Settlement Agreement; and (2) the Claims Administrator's withdrawal of Policy 354 while Clickbooth's claim was pending implicated the doctrine of judicial estoppel and violated Clickbooth's due process rights.

## A.

Clickbooth first contends that it does not qualify as a Start-Up Business because no change in operations occurred during the reorganization—it simply continued IntegraClick's line of business. We have rejected this argument in previous cases. *Holmes Motors*, 829 F.3d at 315–16 ("At least in the context of a 'Start Up Business,' the plain meaning of 'a business' is a business entity, not a line of business."); *see also Claimant ID 100009540 v. BP Expl. & Prod., Inc.* (*Bayou Oyster*), 680 F. App'x 263, 267 (5th Cir. 2017) ("[T]he E & P Settlement makes clear that the proper claimant is the 'entity' asserting a business economic damages claim, and not . . . the *business* . . . that is operated by that entity.").

Clickbooth also emphasizes that it received all of IntegraClick's "revenue-generating" assets that were "related to the [b]usiness" and assumed IntegraClick's liabilities. However, the documents Clickbooth submitted to the Claims Administrator clarify that IntegraClick retained certain identified liabilities in the asset sale, and that at least some of IntegraClick's assets were distributed to the other three Eternal Strategies subsidiaries. Thus, while we have acknowledged that "under certain circumstances, a business claimant that reorganizes or changes its form may still recover even if the change occurs after the oil spill," Clickbooth's formation does not present appropriate

circumstances to place it outside of the Start-Up Business category.  *See BP Expl. & Prod., Inc. v. Claimant ID 100169608* (*Adams Produce*), 682 F. App'x 256, 259 (5th Cir. 2017).  Instead, like in *Adams Produce*, some of the assets and liabilities of the transferor entity—here, IntegraClick—were not transferred to Clickbooth in the asset sale.  *See Adams Produce*, 682 F. App'x at 261; *see also Bayou Oyster*, 680 F. App'x at 267–68 (holding that a claimant was a Start-Up Business where it purchased only the assets of the business and the transferor entity retained the liabilities).  Clickbooth was properly classified as a Start-Up Business under the Settlement Agreement.

Even if Clickbooth could persuasively argue that it was incorrectly classified as a Start-Up Business, BP would prevail under the standard for discretionary review by the district court.  Clickbooth merely raises the "correctness of a discretionary administrative decision in the facts of a single claimant's case" and does not identify a "recurring issue on which the Appeal Panels are split."  *Texas Gulf Seafood*, 910 F.3d at 800.  The district court did not err in declining to review this issue.

## B.

In support of its Policy 354 argument, Clickbooth refers the court to excerpts from the policy under which it contends that it would not qualify as a Start-Up Business.  Upon review of the record, we disagree.  Even if Policy 354 had still been in effect when Clickbooth's claim was denied, it is not clear that Clickbooth would necessarily have been outside of the definition of a Start-Up Business.  Accordingly, we do not reach Clickbooth's judicial estoppel and due process arguments regarding Policy 354.

## IV.

For the reasons described, we AFFIRM the district court's denial of discretionary review in this case.