# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30901

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2019

Lyle W. Cayce
Clerk

CLAIMANT ID 100024160,

      Requesting Party-Appellant,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-5899

Before ELROD, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

      Grand Panama Resort Management ("GPRM") filed a claim under the Deepwater Horizon Economic and Property Damages Settlement Agreement. The Settlement Program denied it, and the district court denied discretionary review. For the reasons discussed below, we vacate and remand.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30901

GPRM operated a condominium resort in Panama City, Florida.  In 2010, GPRM transferred its operations to a joint venture entity, Grand Panama Resort Services ("GPRS").  GPRM owned a 50% share of GPRS, and it received income from GPRS.

GPRM filed a claim for compensation with the Court Supervised Settlement Program.  The Claims Administrator denied the claim.  It did so based on GPRM's classification as a failed business.  Under the Settlement Agreement, a failed business cannot receive compensation if it reported negative earnings before interest, tax, depreciation, and amortization ("EBITDA") for the twelve-month period before May 1, 2010.  GPRM had negative EBITDA during that time period.  So its classification as a failed business was fatal to its claim.

The Appeal Panel affirmed.  It concluded GPRM was a failed business because it had "cease[d] operations and wound down."  The Appeal Panel relied exclusively on a report prepared by an accounting firm for GPRM, which said "[t]he business ceased operations in September 2010 as a result of the Spill," so "no profit and loss statements are available for September 2010 forward." Discussing the accounting report's significance, the Panel wrote: "Although it is a close question, Claimant is hoisted on its own petard by its admission that it ceased operations in September 2010."  The Appeal Panel cited no other evidence to support its conclusion that GPRM "cease[d] operations and wound down."

GPRM sought discretionary review in the district court.  The district court declined to review the claim.  GPRM timely appealed.  We review a district court's denial of discretionary review for abuse of discretion.  *BP Expl. & Prod., Inc. v. Claimant ID 100281817*, 919 F.3d 284, 287 (5th Cir. 2019). That occurs when "the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear

No. 18-30901

potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016)).

We agree with GPRM that the denial of its claim rested on a misapplication of the Settlement Agreement. The Settlement Agreement defines a failed business as an "[e]ntity that commenced operations prior to November 1, 2008 and that, subsequent to May 1, 2010 but prior to December 31, 2011, either (i) ceased operations and wound down, or (ii) entered bankruptcy or (iii) otherwise initiated or completed a liquidation of substantially all of its assets, as more fully described in Exhibit 6." Exhibit 6 contains a similar definition of a failed business.

Here the Appeal Panel assumed that "ceased operations" are sufficient to show that a business "cease[d] operations and wound down." But a company "must have *both* ceased operations *and* wound down to be a failed business." *Claimant ID 100081155 v. BP Expl. & Prod., Inc.*, 920 F.3d 925, 929 (5th Cir. 2019). These are two different inquiries, and "having ceased operations or having wound down alone does not render an entity a failed business." *Id.* A business has wound down if "it set into motion a process to bring its corporate existence to a close by collecting its assets, disposing of its assets, discharging its liabilities, and taking other actions necessary to conclude the business." *Id.* at 930. It does not need to have finished winding down before December 31, 2011, but it does need to have "set into motion a process" of winding down by then. *Id.* The Appeal Panel conducted no analysis of whether GPRM wound down, yet it concluded that GPRM "cease[d] operations and wound down." That was a misapplication of the Settlement Agreement. *See id.*

\* \* \*

The judgment of the district court is VACATED and REMANDED for further proceedings consistent with this opinion.