IN RE: DEEPWATER HORIZON

Lake Eugenie Land & Development, Incorporated; Bon Secour Fisheries, Incorporated; Fort Morgan Realty, Incorporated; LFBP 1, L.L.C., doing business as GW Fins; Panama City Beach Dolphin Tours & More, L.L.C.; Zekes Charter Fleet, L.L.C.; William Sellers; Kathleen Irwin; Ronald Lundy; Corliss Gallo; John Tesvich; Michael Guidry, on behalf of themselves and all others similarly situated; Henry Hutto; Brad Friloux; Jerry J. Kee, Plaintiffs–Appellants

v.

BP Exploration & Production, Incorporated; BP America Production Company; BP, P.L.C., Defendants–Appellees

No. 15-30377

United States Court of Appeals, Fifth Circuit.

FILED June 21, 2017

Stephen Jay Herman, Esq., Soren E. Gisleson, Esq., Herman Herman & Katz, L.L.C., New Orleans, LA, James Parkerson Roy, Domengeaux Wright Roy Edwards & Colomb, L.L.C., Lafayette, LA, Samuel Issacharoff, New York University, School of Law, New York, NY, for Plaintiffs–Appellants.

Thomas George Hungar, General Counsel, Amir Cameron Tayrani, Miguel Angel

covery, and sale of oil and natural gas from the sea bottom is maritime commerce...").

Estrada, Scott Payne Martin, Theodore Olson, Gibson, Dunn & Crutcher, L.L.P., Washington, DC, George Howard Brown, Esq., Gibson, Dunn & Crutcher, L.L.P., Palo Alto, CA, for Defendants–Appellees.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:

In its Petition for Panel Rehearing, BP asserts that the panel opinion rests upon an argument that was never raised. Specifically, BP asserts that Class Counsel never argued that Policy 495's Industry-Specific Methodologies ("ISMs") are inconsistent with the text of the BP Settlement Agreement. That is simply inaccurate. In fact, Class Counsel explicitly argued that Policy 495 "Departs from the Terms of the Settlement Agreement" in its opening brief.[1]

The Petition for Panel Rehearing is DENIED.

---

1. *See* Brief of Appellants at 23.