# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 18-30748
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2019

Lyle W. Cayce
Clerk

CLAIMANT ID 100297067,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLAIMANT ID 100298282,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLAIMANT ID 100297071,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

No. 18-30748

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLAIMANT ID 100298024,

Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties - Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLAIMANT ID 100297080,

Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties - Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLAIMANT ID 100297075,

Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties – Appellees

No. 18-30748

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLAIMANT ID 100297077,

Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties - Appellees

—————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

—————————————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

This consolidated appeal challenges the classification of four properties in coastal Louisiana under the framework for wetlands claims in the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement"). The claimant-appellants argue that the district court should have classified their parcels as oiled and compensated the claimants at the higher rate for oiled parcels, rather than the lower rate applicable to non-oiled parcels. While the claimants seem to acknowledge that their parcels were not, in fact, oiled, they argue that they are nonetheless entitled to compensation at the higher rate because their parcels should have been lumped with an adjacent, oiled parcel for classification and compensation

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3

No. 18-30748

purposes. As discussed below, we conclude that the district court did not err in its classification of the parcels at issue. We therefore AFFIRM.

I.

In the wake of the April 2010 Deepwater Horizon[1] oil spill in the Gulf of Mexico, BP entered into the court-supervised Settlement Agreement with a class of plaintiffs who suffered economic and property damage because of the spill.[2] Under the terms of the Settlement Agreement, a claimant submits its claim to the Court Supervised Settlement Program's ("Program") Claims Administrator, who determines the claim's validity.[3] The claims administrator's decision is subject to review by an Appeal Panel.[4] A claimant who is unsatisfied with the Appeal Panel's decision may then request discretionary review by the federal district court supervising the settlement program.[5] The claimant may appeal the district court's judgment to this court.[6]

II.

The Settlement Agreement provides for compensation to landowners within the Wetlands Real Property Claim Zone ("Claim Zone"), which

---

[1] Prior decisions describe the Deepwater Horizon disaster and explain the origins of the Court Supervised Settlement Program and the Settlement Agreement. *See, e.g., In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mex., on Apr. 20, 2010,* 910 F. Supp. 2d 891 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon,* 739 F.3d 790 (5th Cir. 2014).

[2] *See In re Deepwater Horizon,* 785 F.3d 986, 989 (5th Cir. 2015).

[3] *See id.*

[4] *See id.*

[5] *See id.* at 989-90.

[6] *Claimant ID 100196090 v. BP Expl. & Prod., Inc.,* No. 18-30137, 2018 WL 6600969, at *1 (5th Cir. Dec. 13, 2018); *see Rules Governing Discretionary Court Review of Appeal Determinations,* DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, 6 (2015), http://www.deepwaterhorizoneconomicsettlement.com/docs/15643-combined.pdf ("The only avenue for relief after Order and/or Judgment on Request for Discretionary Court Review is entered is appeal to the United States Court of Appeals for the Fifth Circuit."). While our unpublished opinions are not controlling precedent, they may be persuasive authority. *See Ballard v. Burton,* 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citation omitted).

encompasses coastal Louisiana.[7]    Under Exhibit 12A to the Settlement Agreement, the Compensation Framework for Wetlands Real Property Claims ("Framework"), all parcels within the Claim Zone are eligible for compensation, but the compensation amount is determined by whether a parcel is oiled.[8] Eligible parcels (those within the Claim Zone) are placed into one of two Compensation Categories.[9] Compensation Category A includes "those Eligible Parcels that were documented as containing the presence of oil by one or more of" four assessments listed in the Framework.[10]   One of those assessments, relevant to this appeal, is the published reports of the Deepwater Horizon Unified Command Shoreline Cleanup Assessment Technique ("SCAT") teams.[11]  Compensation Category B includes "those Eligible Parcels that were never documented as containing the presence of oil by any of the" assessments.[12]

To screen claims, an online portal uses a parcel database containing information on parcel boundaries and whether parcels were documented as containing the presence of oil.[13]  This database is maintained by the Claims Administrator, who is instructed by the Framework to "apply the appropriate Compensation Category for each Eligible Parcel based upon the information in the Administrator's Database."[14]  The Framework states that this database "is presumed to be the best available evidence" of parcel boundaries and the

---

[7] *See In re Deepwater Horizon*, 814 F.3d 748, 750 (5th Cir. 2016) (per curiam).

[8] *Id.*

[9] Economic and Property Damages Settlement Agreement, Compensation Framework for Wetlands Real Property Claims (Exhibit 12A) at 1.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *See In re Deepwater Horizon*, 814 F.3d at 750.

[14] Economic and Property Damages Settlement Agreement, Compensation Framework for Wetlands Real Property Claims (Exhibit 12A) at 3.

assessments of parcel oiling.[15]  Under the Framework, the presumption in favor of the database can be rebutted, and a Compensation Category B (non-oiled) parcel reclassified as a Compensation Category A (oiled) parcel, if the claimant provides independent documentation showing that the parcel contained the presence of oil.[16]

The Framework also refers to the Eligible Parcel Compensation Category Map ("Compensation Category Map"), which is attached as Appendix C to the Framework.[17]  The Framework notes that this "map classif[ies] each known Eligible Parcel into a Compensation Category by applying the information in the Administrator's Database as of the settlement date."[18]

In September 2013, the Claims Administrator adopted a policy—"Policy 443"—to address how wetlands claim compensation amounts should be allocated in the event that a parish consolidates multiple real property tracts or lots owned by a claimant into a single tax assessment ID.[19]  The policy

---

[15] *See id.*

[16] *See id.* at 3, 5.

[17] *Id.* at 3; Economic and Property Damages Settlement Agreement, Appendix C to Compensation Framework for Wetlands Real Property Claims: Eligible Parcel Compensation Category Map.

[18] Economic and Property Damages Settlement Agreement, Compensation Framework for Wetlands Real Property Claims (Exhibit 12A) at 3.

[19] *Claims Administrator's Approved Policy 443: Compensating Individual Parcels Aggregated Under a Single Tax Assessment ID*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS (2013), https://www2.deepwaterhorizoneconomic settlement.com/un-secure/pkpolicysearch.aspx (search Policy ID field for "443" and click "Create PDF"); *Final Policy Announcement, Policy 443: Wetlands Real Property Claims: Compensating Individual Parcels Aggregated Under a Single Tax Assessment ID*, https://www2.deepwaterhorizoneconomicsettlement.com/un-secure/pkpolicysearch.aspx (search Policy ID field for "443" and click "View").  This policy is categorized as a "Claims Administrator Decision," which indicates that Class Counsel and/or BP did not formally agree to it, but indicated that the Claims Administrator was to use it in the Program.  *Policy Keeper Portal: User Manual*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, https://www2.deepwaterhorizoneconomicsettlement.com/un-secure/Docs/Public_Policy_Keeper_Portal_User_Manual.pdf.  It seems to be undisputed that the four lots at issue, and their neighboring Lot 5, are assessed under a single tax assessment ID, triggering the application of Policy 443.

provides, in relevant part: "In these situations, the Claims Administrator will update the Claims Administrator's Database to include separate Compensation Amounts for each lot or tract, rather than an aggregate Compensation Amount for all lots or tracts combined under one Tax Assessment ID."[20]

### III.

In December 2016, Claimant ID 100298282 submitted Wetlands Real Property Claim ID 439053 for one of the subject parcels, Lot 3.[21] The Program forwarded the claim to its mapping experts. After their review, the Program classified the parcel as a Compensation Category B non-oiled tract. Upon the claimant's request for Re-Review,[22] the mapping experts reviewed the parcel's boundaries and the SCAT line and again found that the parcel should be classified as Compensation Category B. On Reconsideration,[23] the Program determined that the Claimant had not submitted documentation sufficient to change the parcel's Compensation Category.

The Claimant next filed an appeal with the Appeal Panel, which requested a Summary of Review[24] from the Program to explain 1) the shading

---

[20] *Final Policy Announcement, Policy 443: Wetlands Real Property Claims: Compensating Individual Parcels Aggregated Under a Single Tax Assessment ID*, https://www2.deepwaterhorizoneconomicsettlement.com/un-secure/pkpolicysearch.aspx (search Policy ID field for "443" and click "View").

[21] The parties' arguments concentrate on Lot 3 because the district court adopted the reasons given by the Appeal Panel and the Claims Administrator in that case. We accordingly focus our analysis on that lot, though our conclusions apply equally to all of the parcels at issue in this consolidated appeal.

[22] Re-Review by the Program is available to claimants who have additional documents to submit in support of their claims.

[23] Reconsideration by the Program is available to claimants who believe that the Program failed to take relevant information or data into account or failed to follow the Settlement Agreement's standards.

[24] "The Summary of Review is intended to provide the Appeal Panel member with an understanding of what occurred in the underlying processing of the claim, including the basis for the determination(s) made by the Claims Administrator." *Appeal Panel Procedures*,

on the Compensation Category Map and 2) whether the parcel was located within Compensation Category A. In the Summary of Review, the Claims Administrator explained that the colors in the legend of the Compensation Category Map were inadvertently flipped, but he also noted that the map had been included only "as a reference guide and non-controlling resource." As to the categorization of the subject parcel, the Summary of Review stated that the Program had once again reviewed the parcel's location and the SCAT information and had again concluded that the parcel was correctly classified as Compensation Category B in the database. The Appeal Panel agreed that the parcel was correctly classified as Compensation Category B.

The claimants petitioned the district court for discretionary review of their claims, including Claim ID 439053 for Lot 3. The district court granted review and affirmed the Appeal Panels' decisions, finding that the subject parcels were properly classified as Compensation Category B for the reasons given by the Appeal Panel and the Claims Administrator in Claim ID 439053.

The claimants timely filed this consolidated appeal challenging the district court's judgments. The claimants argue that their parcels (Lots 1 through 4) should have been classified as Compensation Category A (entitling them to compensation at the higher, oiled rate) because the Compensation Category Map allegedly labeled their parcels as Compensation Category A. The claimants also challenge the Claims Administrator's Policy 443, arguing that it should not have been applied to their parcels because it violates the terms of the Settlement Agreement. Without the policy, the claimants' argument goes, their parcels would have been lumped with the neighboring

---

DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, 1 (2013), http://www.deepwaterhorizoneconomicsettlement.com/docs/Appeal_Panel_Procedures.pdf.

No. 18-30748

Lot 5 (which was oiled), resulting in the classification of all five lots as Compensation Category A.

IV.

"Our review of the district court's judgment is for abuse of discretion."[25] However, "[t]he interpretation of a settlement agreement is a question of contract law that this [c]ourt reviews de novo."[26]  The Settlement Agreement, by its terms, is "interpreted in accordance with General Maritime Law."[27] "Under admiralty law, a contract 'should be read as a whole and its words given their plain meaning unless the provision is ambiguous.'"[28]

To the extent the claimants argue that the district court misapplied the Settlement Agreement to the facts of their cases, we find no abuse of discretion in the district court's judgments.  And to the extent the claimants argue that the district court misinterpreted the Settlement Agreement, their arguments fail even on de novo review.

First, as to the claimants' argument that the Compensation Category Map labels their parcels as Compensation Category A, we conclude that the Framework dictates that the database, not the map, controls.

Resolution of the issues in this Deepwater Horizon appeal are controlled by the Settlement Agreement itself.  Its terms govern the claims

---

[25] *BP Expl. & Prod., Inc. v. Claimant ID 100169608*, 682 F. App'x 256, 259 (5th Cir. 2017) (per curiam) (citation omitted). "We have not yet directly addressed whether the abuse of discretion standard of review varies depending on whether the district court granted or denied a request for review."  *Id.* at 259 n.3 (citations omitted). However, "we need not and do not address any potential nuances" because "[e]ven assuming that our review of the district court's judgment following the grant of discretionary review is more lenient, [the claimants'] claims all fail because, as discussed below, the district court did not misinterpret the Settlement Agreement."  *Id.*

[26] *In re Deepwater Horizon*, 864 F.3d 360, 363 (5th Cir. 2017) (quoting *In re Deepwater Horizon*, 785 F.3d 1003, 1011 (5th Cir. 2015)).

[27] Economic and Property Damages Settlement Agreement ¶ 36.1.

[28] *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016) (citation omitted) (quoting *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009)).

administration process.  And those terms do not provide grounds for disturbing the classifications of the subject parcels as Compensation Category B by the Program, Appeal Panel, or district court.  Even if the Compensation Category Map is read to label the claimants' parcels as Compensation Category A,[29] the Settlement Agreement unambiguously provides that the database, not the map, is presumed to be the best available evidence.

The Settlement Program and its mapping experts have reviewed the database information for the parcels at issue on several occasions, and they have concluded each time that the parcels are properly classified as Compensation Category B.  The Appeal Panel and district court agreed with the Compensation Category B classification, and we have no basis to disagree with this finding.  To the extent that the Compensation Category Map and the Claims Administrator's database conflict, we find that the database must control under the clear terms of the Framework.[30]  And the claimants have not even attempted to rebut the presumption in favor of the database by arguing that their parcels were, in fact, oiled, or that the database is incomplete or incorrect.[31]

---

[29] Both BP and the claimants seem to agree that the colors in the legend of the Compensation Category Map were inadvertently flipped.  We assume, for purposes of our analysis, that this is true.

[30] Economic and Property Damages Settlement Agreement, Compensation Framework for Wetlands Real Property Claims (Exhibit 12A) at 3; *see also Granting of Request for Discretionary Court Review Notice, No. 2018-1033*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, http://www.deepwaterhorizoneconomic settlement.com/docs/Discretionary_Review_II.PDF (affirming Appeal Panel decision against claimant where panel noted that the Claims Administrator's "database is 'presumed to be the best available evidence' of correct assignment to a compensation category," which presumption had not been rebutted there because the claimant had not submitted documentation showing that her parcel contained the presence of oil).

[31] *See In re Deepwater Horizon*, 814 F.3d at 752 ("If the Claims Administrator's database indicates that a particular property is not eligible for compensation, the onus is on the claimant to obtain and provide any documentation that could show otherwise.").

No. 18-30748

Second, we uphold the application of Policy 443 to the parcels at issue against the claimants' challenges to the policy.  This court has recognized "that the Claims Administrator cannot reasonably administer the Settlement Program without devising some additional procedures and policies" and that "the Settlement Agreement contemplates such action by the Claims Administrator."[32]  Therefore, we generally uphold the application of policies that apply or clarify the Settlement Agreement's provisions to a specific factual situation,[33] while striking down policies that violate the Settlement Agreement's language[34] or are contrary to the Settlement Agreement in their substance.[35]

Policy 443 does not violate the language of the Framework, nor is it contrary to the Framework in its substance.  Rather, the policy simply clarifies the Framework's application to the factual situation of a wetlands claim for a lot that has been consolidated with other lots into a single tax assessment ID.  In that situation, Policy 443 requires a separate analysis of each lot, including a determination of each lot's proper Compensation Category.[36]  Therefore, we

---

[32] *In re Deepwater Horizon*, 641 F. App'x 405, 409 n.4 (5th Cir. 2016) (per curiam) (citations omitted).

[33] *See In re Deepwater Horizon*, 753 F.3d 509, 513-14 (5th Cir. 2014).

[34] *See In re Deepwater Horizon*, 858 F.3d 298, 303-04 (5th Cir. 2017), *reh'g denied*, 869 F.3d 351 (5th Cir. 2017) (per curiam); *Claimant ID 100217021 v. BP Expl. & Prod., Inc.*, 693 F. App'x 272, 274 (5th Cir. 2017) (per curiam).

[35] *See In re Deepwater Horizon*, 641 F. App'x at 409.

[36] We note that this holding is consistent with a line of district court decisions in which this issue was raised.  *Granting of Request for Discretionary Court Review Notice, No. 2017-2054*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, http://www.deepwaterhorizoneconomicsettlement.com/docs/Discretionary_Review.pdf (adopting en banc Appeal Panel's reasoning that "Policy 443 contains a proper interpretation and application of the Wetlands Real Property Compensation Framework"); *Granting of Request for Discretionary Court Review Notice, No. 2017-2551*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, http://www.deepwaterhorizoneconomicsettlement .com/docs/Discretionary_Review.pdf (concluding that Claims Administrator correctly applied Policy 443 where claimant argued that presence of oil on neighboring portion of property should have resulted in categorization of entire property as Compensation Category A);

No. 18-30748

uphold the application of Policy 443 to the subject parcels by the Program, Appeal Panel, and district court.

## V.

For these reasons, we conclude that the district court did not err in finding that the parcels at issue are properly classified as Compensation Category B. Accordingly, we AFFIRM the district court's judgments.

---

*Granting of Request for Discretionary Court Review Notice, No. 2018-56*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, http://www.deepwaterhorizoneconomicsettlement.com/docs/Discretionary_Review_II.PDF ("This Court has previously upheld the application of Claims Administrator Policy 443. . . . The Settlement Program appropriately applied Policy 443 to the facts of this claim."); *Granting of Request for Discretionary Court Review Notice, No. 2018-80*, DEEPWATER HORIZON CLAIMS CENTER: ECONOMIC & PROPERTY DAMAGE CLAIMS, http://www.deepwaterhorizoneconomicsettlement.com/docs/Discretionary_Review_II.PDF (concluding that Appeal Panel properly affirmed application of Policy 443 where Appeal Panel noted that the parcel at issue was not oiled and was therefore entitled only to Compensation Category B compensation).